| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority _____<br>Send _____<br>Enter _____<br>Closed _____<br>JS-5/JS-6 _____<br>Scan Only _____ |
|---|---|---|

**CASE NO.:** CV 13-03612 SJO (JEMx)          **DATE:** June 18, 2013

**TITLE:** Kirin Espinda v. Boots Retail USA, Inc.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz          Not Present
Courtroom Clerk          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present          Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Boots Retail Usa, Inc.'s ("Defendant") Notice of Removal ("Notice"), filed on May 20, 2013. Defendant removed this action from Los Angeles County Superior Court, where Plaintiff filed this action. For the following reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the following facts. Plaintiff was hired by Defendant on or about June 8, 2010, as a beauty advisor at the Target store located at 3121 E. Colorado Blvd., Pasadena, California. (Notice Ex. A ("Compl.") ¶ 6.) On October 22, 2010, Plaintiff notified her supervisor, Susanna Lin ("Lin"), of her pregnancy. (Compl. ¶ 9.) On October 25, 2010, Plaintiff attended a conference call with her District Manager Kelan Johnson ("Johnson"), Lin, and approximately twenty to thirty other beauty advisors that worked in her district. (Compl. ¶ 10.) During the conference call, without permission or warning, Johnson announced to everyone that Plaintiff was pregnant. (Compl. ¶ 11.) On November 5, 2010, Defendant terminated Plaintiff's employment. (Compl. ¶13.) Defendant stated that Plaintiff was terminated because she used her cell phone to clock in and out of work when she was required to use a Target land line. (Compl. ¶14.)

On April 8, 2013, Plaintiff filed her complaint. The Complaint alleges eleven causes of action: (1) pregnancy discrimination/harassment in violation of the California Fair Employment and Housing Act, California Government Code sections 12900 to 12996 ("FEHA"); (2) sex discrimination/harassment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to take reasonable steps to prevent harassment and discrimination in the work place in violation of FEHA; (5) wrongful termination in violation of FEHA; (6) wrongful termination in violation of public policy; (7) intentional infliction of emotional distress; (8) failure to pay compensation when due—(violation of California Labor Code sections 510 and 1194); (9) failure to pay all sums due for wages at the time of termination—(violation of California Labor Code sections 201, 202 and 203); (10) failure to provide accurate and detailed earnings statement—(violation of California

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** CV 13-03612 SJO (JEMx)      **DATE:** June 18, 2013

Labor Code section 226); and (11) unjust enrichment without payment for services. (*See generally* Compl.)

II.    DISCUSSION

An action may be removed by the defendant to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441. Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants where the amount in controversy exceeds $75,000. *Id.* § 1332(a). The Ninth Circuit held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

    A.    *Sua Sponte* Challenge to Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case. 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether jurisdiction exists.

    B.    Diversity of Citizenship

Plaintiff and Defendant are diverse parties. A person is a citizen of the state where he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2011). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). The Supreme Court has held that "[t]he phrase 'principal place of business' . . . refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 (2010). Plaintiff is a resident of California. (Compl. ¶ 1; Notice ¶ 5.) Defendant asserts that it is a company incorporated under the laws of Delaware, with its principal place of business in Connecticut. (Decl. of Andy Parking in Supp. of Notice ¶ 2; Notice ¶ 4.) Plaintiff has not challenged the diversity of the parties. Because Plaintiff and Defendant do not share citizenship with each other, complete diversity of citizenship exists.

    C.    Amount in Controversy

For a removal based on diversity jurisdiction, the removing party has the burden of showing that the amount in controversy at the time of removal "exceeds the sum or value of $75,000, exclusive

Case 2:13-cv-03612-SJO-JEM Document 9 Filed 06/18/13 Page 3 of 4 Page ID #:103

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 13-03612 SJO (JEMx)          **DATE:** June 18, 2013

of interests and costs." 28 U.S.C. § 1332(a). The burden of proof depends on whether the complaint states a specific amount of damages. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Courts may consider facts "presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997)).

A preponderance of the evidence standard is not met when a defendant provides arbitrary calculations "based on many assumptions that leave the court to speculate as to the value of too many variables." *Dupre v. Gen. Motors*, No. CV-10-00955-RGK(Ex), 2010 WL 3447082, at *4 (C.D. Cal. Aug. 27, 2010.) In proving the amount in controversy, Defendant's calculations must be "good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pac. Bell Tel. Co.*, No. SACV 10-01141-CJC(FFMx), 2011 WL 499390, at *2 (C.D. Cal. Feb.10, 2011). The removing defendant must also "set forth . . . the **underlying facts** supporting its assertion that the amount in controversy exceeds [the statutory minimum]." *Gaus*, 980 F.2d at 567 (emphasis in original). Conservative estimates require a factual basis; otherwise they are "vague and conclusory" and do not satisfy the "more likely than not" standard. *Keller v. Gaspari Nutrition, Inc.*, No. CV 10-09927 GAF(SHx), 2011 WL 837797, at *3 (C.D. Cal. Mar. 2, 2011).

Here, Plaintiff's Complaint does not state a specific amount of damages. (*See generally* Compl. Prayer for Relief.) Instead, Plaintiff seeks an unspecified amount of general, special, incidental, punitive and emotional distress damages, as well as costs of suit, attorney's fees, prejudgment interest and post-judgment interest. (Compl. Prayer for Relief.) Defendant therefore carries the burden of proving by a preponderance of the evidence that an amount greater than $75,000 is in controversy.

Defendant has not met its burden of proof. Although Defendant presumably has access to information regarding any uncompensated hours that Plaintiff worked and Plaintiff's rate of pay, Defendant does not provide any evidence regarding the amount of back pay, if any, owed to Plaintiff. (*See generally* Notice.) Defendant also contends that Plaintiff's request for emotional distress damages, added to Plaintiff's request for economic damages, special damages, punitive damages and attorneys' fees, more likely than not exceeds $75,000. (Notice ¶ 10.) In support of this assertion, Defendant cites to numerous employee lawsuits where plaintiffs who alleged emotional distress sought, and were awarded, damages exceeding $75,000. (Notice ¶ 11.) However, Defendant fails to provide any information as to why those cases provide an accurate valuation of Plaintiff's case. *(See generally* Notice.) The cases cited may be facially similar, but they include age discrimination, invasion of privacy, and breach of the implied covenant of good faith and fair dealing. *See Keiffer v. Bechtel Corp.*, 76 Cal. Rptr. 2d 827 (Cal. Ct. App. 1998); *Satrap v. Pac. Gas & Elec. Co.*, 49 Cal. Rptr. 2d 348 (Cal. Ct. App. 1996). There do not appear to be any substantial factual similarities between the cases cited and Plaintiff's allegations, nor

| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority \_\_\_\_\_<br>Send \_\_\_\_\_<br>Enter \_\_\_\_\_<br>Closed \_\_\_\_\_<br>JS-5/JS-6 \_\_\_\_\_<br>Scan Only \_\_\_\_\_ |

**CASE NO.:** <u>CV 13-03612 SJO (JEMx)</u>     **DATE:** <u>June 18, 2013</u>

were similar legal theories used in litigation. Because Defendant failed to provide sufficient facts, calculations, or estimates to satisfy by a preponderance of the evidence that the amount in controversy requirement has been met, the Court finds that it lacks subject matter jurisdiction over this action.

III.    <u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this case to Superior Court of California for the County of Los Angeles.

IT IS SO ORDERED.

```
cc: order, docket, remand letter
to Los Angeles Superior Court, No. BC 505311
```